**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__ District of __New York__
                              (State)

Case number (If known): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   Spirit IP Cayman Ltd.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   None.

3. **Debtor's federal Employer Identification Number (EIN)**

   98-1554732

4. **Debtor's address**

   **Principal place of business**

   1731 Radiant Drive
   Number    Street

   Dania Beach    FL    33004
   City           State  ZIP Code

   Broward
   County

   **Mailing address, if different from principal place of business**

   _____
   Number    Street

   _____
   P.O. Box

   _____
   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number    Street

   _____
   City    State    ZIP Code

5. **Debtor's website (URL)**

   https://www.spirit.com/

Debtor __Spirit IP Cayman Ltd._____    Case number (*if known*)_____
       Name

6. **Type of debtor**
   - ● Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   - ❏ Partnership (excluding LLP)
   - ❏ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*
   - ❏ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - ❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - ❏ Railroad (as defined in 11 U.S.C. § 101(44))
   - ❏ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - ❏ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - ❏ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - ● None of the above

   B. *Check all that apply:*
   - ❏ Tax-exempt entity (as described in 26 U.S.C. § 501)
   - ❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   - ❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   4 8 1 1

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*
   - ❏ Chapter 7
   - ❏ Chapter 9
   - ● Chapter 11. *Check **all** that apply*:
     - ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ❏ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ❏ A plan is being filed with this petition.
     - ❏ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
     - ❏ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
     - ❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - ❏ Chapter 12

Debtor  **Spirit IP Cayman Ltd.**                                    Case number (*if known*)_____
        Name

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No
☐ Yes.  District _____  When ___/___/_____ (MM/DD/YYYY)  Case number _____
        District _____  When ___/___/_____ (MM/DD/YYYY)  Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
■ Yes.  Debtor  **See Schedule 1**                          Relationship  **Affiliate**
        District  **Southern District of New York**         When  **11/18/2024** (MM/DD/YYYY)
        Case number, if known  **See Schedule 1**

**11. Why is the case filed in *this district*?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                         Number    Street
                         _____
                         _____  _____  _____
                         City                            State  ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
       Contact name _____
       Phone _____

---

■ **Statistical and administrative information**    [Provided on a Consolidated Basis Among All Debtors]

| Debtor | Spirit IP Cayman Ltd. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| | | Check one: | | |
|---|---|---|---|---|
| 13. | Debtor's estimation of available funds | ■ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |

| 14. | Estimated number of creditors | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ■ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|---|
| 15. | Estimated assets | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>■ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| 16. | Estimated liabilities | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>■ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/25/2024
MM / DD / YYYY

X _____   Thomas Confield
Signature of authorized representative of debtor   Printed name

Title   Director

| Debtor | Spirit IP Cayman Ltd. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**18. Signature of attorney**

X _____  Date  11/25/2024
Signature of attorney for debtor        MM / DD / YYYY

Marshall S. Huebner
Printed name

Davis Polk & Wardwell LLP
Firm name

450 Lexington Avenue
Number    Street

New York                                    NY        10017
City                                        State     ZIP Code

(212) 450 4000                              marshall.huebner@davispolk.com
Contact phone                               Email address

2601094                                     NY
Bar number                                  State

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SPIRIT IP CAYMAN LTD.,** | Case No. 24-_____ (__) |
| Debtor. | |

## SCHEDULE 1 TO PETITION

On the date hereof, each of the entities listed below, including the debtor in this chapter 11 case (collectively, the "**Debtors**"), has filed or will file a petition for relief in the United States Bankruptcy Court for the Southern District of New York under chapter 11 of title 11 of the United States Code. The Debtors will move for joint administration of their cases for procedural purposes only under the case number assigned to the chapter 11 case of Spirit Airlines, Inc.

1. Spirit Airlines, Inc. (Case No. 24-11988 (SHL))
2. Spirit Finance Cayman 1 Ltd.
3. Spirit Finance Cayman 2 Ltd.
4. Spirit IP Cayman Ltd.
5. Spirit Loyalty Cayman Ltd.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SPIRIT IP CAYMAN LTD.,** | Case No. 24-_____ (__) |
| Debtor. | Joint Administration Requested |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and to enable the Judges to evaluate possible disqualification or recusal, attached hereto as **Exhibit A** is a corporate structure chart (the "**Corporate Structure Chart**") reflecting the ownership interests of Spirit IP Cayman Ltd. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). The Debtors respectfully represent, as of the date hereof, the following:

1. Each of the Debtors[1] identified on the Corporate Structure Chart, other than Spirit Airlines Inc. ("**Spirit Airlines**"), is owned, either directly or indirectly, in its entirety by Spirit Airlines, other than with respect to a special share, representing 0.1% of authorized share capital, issued by each entity to Walkers Fiduciary Limited.

2. Other than as set forth in the exhibits hereto, each of which is incorporated herein by reference, no other corporation (as such term is defined in section 101(9) of title 11 of the United States Code), public or private, owns 10% or more of any class of a Debtor's common equity interests.

---

1. The Debtor's mailing address is 1731 Radiant Drive Dania Beach, FL 33004.

# Exhibit A

# Corporate Structure Chart

**Corporate Structure Chart**




Spirit Airlines, Inc. directly or indirectly owns 100% of each of Spirit Finance Cayman 1 Ltd., Spirit Finance Cayman 2 Ltd., Spirit IP Cayman Ltd., and Spirit Loyalty Cayman Ltd., other than with respect to a special share, representing 0.1% of authorized share capital, issued by each entity to Walkers Fiduciary Limited.

**SPIRIT IP CAYMAN LTD.**
**(THE "COMPANY")**

---

**MINUTES OF A MEETING OF THE DIRECTORS OF THE COMPANY HELD BY TELEPHONE CONFERENCE CALL ON 25 NOVEMBER 2024**

---

| | |
|---|---|
| **Present:** | Thomas Canfield |
| | Simon Gore |
| **Absent** | Gennie Bigord |
| **In attendance:** | Darren S. Klein (from Davis Polk & Wardwell LLP) |
| | Joanne Ziegler (from Walkers (Cayman) LLP) |
| | Shamar Ennis (from Walkers (Cayman) LLP) |

By agreement, Simon Gore acted as Chair of the meeting and Thomas Canfield as Secretary.

**1.  OPENING OF MEETING**

1.1  The Chair declared the meeting open.

**2.  NOTICE AND QUORUM**

2.1  **The Chair NOTED** that all of the directors of the Company (the "**Directors**") or their duly appointed alternates had received due notice of the meeting, or, by attendance at the meeting were deemed to have waived the requirement for notice, and that the meeting was quorate and, accordingly, the meeting could proceed to business.

**3.  DISCLOSURE OF INTERESTS**

3.1  **The Chair NOTED** that:

(a)  each Director discloses an interest in the matter(s) the subject of these resolutions as a Director, Officer or employee of each of Spirit (as defined below), Spirit Loyalty Cayman Ltd., HoldCo 1 (as defined below) and HoldCo 2 (as defined below);

(b)  each such Director therefore:

(i)  is to be considered as interested in any contract or proposed contract or arrangement (the "**transaction**") with the foregoing; and

(ii)  requests that the foregoing be treated as general notice of such interests; and

(c)  pursuant to the Articles of Association of the Company:

(i)  a Director may vote in respect of any transaction notwithstanding that he may be interested therein; and

1

(ii) if he does so his vote shall be counted and he may be counted in the quorum at any meeting of the Directors at which any such transaction shall come before the meeting for consideration.

**4. SECURITISATION TRANSACTION**

4.1 **The Chair NOTED** that the Company had previously entered into a securitisation transaction involving, *inter alia*, the issue by Spirit Loyalty Cayman Ltd. and the Company of an aggregate principal amount of US$850,000,000 8.00% Senior Secured Notes due 2025 (the "**2025 Notes**") pursuant to an indenture dated as of 17 September 2020 among Spirit Loyalty Cayman Ltd., the Company (together with Spirit Loyalty Cayman Ltd., the "**Co-Issuers**"), Spirit Airlines, Inc. ("**Spirit**"), Spirit Finance Cayman 1 Ltd. ("**HoldCo 1**") and Spirit Finance Cayman 2 Ltd. ("**HoldCo 2**") and Wilmington Trust, National Association as trustee and collateral custodian. An aggregate principal amount of US$340,000,000 of the 2025 Notes was redeemed on 10 May 2021, and the Co-Issuers subsequently issued additional notes in an aggregate principal amount of US$600,000,000 pursuant to a first supplemental indenture dated as of 17 November 2022.

**5. COMMENCEMENT OF CHAPTER 11 CASE**

5.1 The Chair referred the meeting to:

(a) the minutes of a previous meeting of the Board of Directors dated 25 November 2024 (the "**Prior Minutes**") at which the Company's entry into the Documents (as defined in the Prior Minutes) to effect the Proposed Amendments (as defined in the Prior Minutes) was approved; and

(b) the second amended and restated memorandum and articles of association of the Company as adopted on 25 November 2024 (the "**Memorandum and Articles**") prior to the passing of these resolutions.

5.2 **The Chair NOTED** that:

(a) Spirit is undertaking a comprehensive restructuring with respect to its capital structure and financing arrangements (including the transaction referred to in 4.1 above) in accordance with and subject to the terms and conditions set forth in:

(i) the restructuring support agreement dated 18 November 2024 by and among Spirit, and certain consenting stakeholders (the "**Consenting Stakeholders**"), including all exhibits, annexes and schedules thereto and as may be amended from time to time (the "**Restructuring Support Agreement**");

(ii) the backstop commitment agreement dated 18 November 2024 by and among Spirit and the commitment parties thereto, including all exhibits, annexes and schedules thereto and as may be amended from time to time (the "**Backstop Commitment Agreement**");

(iii) the joint plan of reorganisation of Spirit filed in bankruptcy cases voluntarily commenced under the Bankruptcy Code on 18 November 2024 in the United States bankruptcy Court for the Southern District of New York including all exhibits, annexes and schedules thereto and as may be amended from time to time, contemplated and attached to the Restructuring Support Agreement (the "**Joint Plan of Reorganisation**"); and

2

  (iv) the post-petition senior secured credit facility to be provided pursuant to, and subject to the terms and conditions of the term sheet attached as Exhibit E to the Restructuring Support Agreement ("**DIP Term Sheet**");

 and in connection therewith had filed a Chapter 11 Case (as defined below); and

(b) it is now proposed that the Co-Issuers, HoldCo 1 and HoldCo 2 pursue a jointly administered Chapter 11 alongside Spirit.

5.3 **The Chair FURTHER NOTED** that:

(a) the Directors have reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of Spirit and the Company regarding the liabilities and liquidity of Spirit and the Company, the strategic alternatives available, and the impact of the foregoing on Spirit's and the Company's businesses;

(b) the Directors have had the opportunity to consult with the management and the legal and financial advisors of Spirit and the Company to fully consider each of the strategic alternatives available to Spirit and the Company;

(c) the Directors have considered presentations by management and the financial and legal advisors of Spirit and the Company regarding the Restructuring Support Agreement, the Backstop Commitment Agreement, the Joint Plan of Reorganisation and the DIP Term Sheet;

(d) Spirit has negotiated the Restructuring Support Agreement, the Backstop Commitment Agreement, the Joint Plan of Reorganisation and the DIP Term Sheet in good faith and at arm's-length with the Consenting Stakeholders;

(e) the Restructuring Support Agreement provides that it can be terminated by the Company Parties (as defined in the Restructuring Support Agreement and which includes the Company), at the direction of the Directors, if continued performance thereunder would be inconsistent with the exercise of such Directors' fiduciary duties or applicable law;

(f) the Directors have reviewed and considered presentations by management and the financial and legal advisors of Spirit and the Company regarding the advantages and disadvantages of Spirit and the Company soliciting acceptances of the Joint Plan of Reorganisation contemplated in the Restructuring Support Agreement and the related disclosures (as may be amended, modified, or supplemented from time to time);

(g) the Directors have received, reviewed, and considered the recommendations of, and the materials presented by, the management and the legal and financial advisors of Spirit and the Company regarding the relative risks and benefits of pursuing a case under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

(h) the Directors have determined that it is desirable and in the best interests of the Company and its stakeholders to commence Chapter 11 Case;

(i) it was proposed that the Company:

  (i) join the Joint Plan of Reorganisation by entering into an Official Form 201 (Voluntary Petition for Non-Individuals Filing for Bankruptcy) and Official Form 202 (Declaration Under Penalty or Perjury for Non-Individual Debtors) (together, the "**Plan Documents**");

3

      (ii)    joins the Restructuring Support Agreement by entering into a company acknowledgement in the form set out in Exhibit D to the Restructuring Support Agreement (the "**Restructuring Support Agreement Acknowledgement**");

      (iii)    joins the Backstop Commitment Agreement by entering into a company acknowledgement in the form set out in Exhibit C to the Backstop Commitment Agreement (the "**Backstop Commitment Agreement Acknowledgement**" and together with the Plan Documents and the Restructuring Support Agreement Acknowledgement, the "**Documents**"); and

      (iv)    enter into a debtor-in-possession term loan credit agreement (the "**DIP Credit Agreement**") and any other documentation relating to the DIP Term Sheet (including, without limitation, credit agreements, collateral agreements, and other documents under which a security interest in the assets of the Company is being created (together with the DIP Credit Agreement, the "**DIP Facility Documents**"),

(j)    the Directors have reviewed with the management and the legal and financial advisors of the Company, the resolutions set forth below; and

(k)    the matters the subject of these resolutions constitute a "Sanctioned Restructuring" pursuant to the Memorandum and Articles.

5.4    Copies of the Restructuring Support Agreement, the Backstop Commitment Agreement, the Joint Plan of Reorganisation, the DIP Term Sheet and drafts of the Documents were tabled at the meeting.

5.5    The Documents were considered to be in appropriate form for consideration in detail by the Directors. The transactions contemplated by the Documents and the DIP Term Sheet were considered in detail by the Directors and the terms of the Documents and the DIP Term Sheet were fully discussed.

5.6    **Upon motion duly made, seconded and carried unanimously, IT WAS RESOLVED** that:

(a)    after due consultation with the management and the legal and financial advisors of the Company, it was in the Company's best commercial interests and its stakeholders' best interests that:

      (i)    the Company should pursue a jointly administered Chapter 11 alongside Spirit;

      (ii)    that the Company should approve, authorise to file, or cause to be filed, a petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**"), and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

      (iii)    the Company should approve the DIP Term Sheet and approve and enter into the Documents and the DIP Facility Documents;

(b)    the DIP Facility Documents, subject to being substantially on the terms set out in the DIP Term Sheet, and the form of the Documents be approved on behalf of the Company subject to such amendments and additions thereto as any Director or Attorney (as defined below) in their absolute discretion and opinion deem appropriate, the signature of any Director or any Attorney on the Documents and the DIP Facility Documents being due evidence for all purposes of the approval of any such amendment or addition and the final terms thereof on behalf of the Company;

4

(c)     the Company do give, make, sign, execute and deliver all such synthetic securities, notes, deeds, agreements, joinders, letters, notices, listing papers, certificates, acknowledgments, instructions and other documents (whether of a like nature or not) ("**Ancillary Documents**") as may in the sole opinion and absolute discretion of any Director or Attorney be considered necessary or desirable for the purpose of compliance with any condition precedent or the coming into effect of or otherwise giving effect to, consummating or completing or procuring the performance and completion of all or any of the transactions contemplated by or referred to in all or any of the Documents and the DIP Facility Documents and to do all other such acts and things (including opening all necessary bank accounts, the standard resolutions required concerning opening bank accounts with the relevant banks being hereby adopted as if set out here in full, and any Director or Attorney or any other person authorised by resolution of the Company, all acting singly (unless otherwise resolved), being appointed as authorised signatory with respect to any such accounts), and authorised to agree to all fees, as might in the sole opinion and absolute discretion of any Director or Attorney be necessary or desirable for the purposes stated above;

(d)     the Ancillary Documents be in such form as any Director or Attorney in their absolute discretion and sole opinion approve, the signature of any Director or any Attorney on any of the Ancillary Documents being due evidence for all purposes of their approval of the terms thereof on behalf of the Company;

(e)     the Documents, the DIP Facility Documents and Ancillary Documents, where required to be executed by the Company (whether under hand or as a deed), be executed by the signature thereof of any Director or Attorney and the execution of any Documents and Ancillary Documents by any Director or Attorney prior to this meeting be and is hereby ratified and confirmed;

(f)     all the Documents, the DIP Facility Documents and Ancillary Documents be valid, conclusive, binding on and enforceable against the Company when executed and delivered in manner aforesaid;

(g)     any Director or officer or any Attorney (as defined below) or Authorised Signatory (as defined below) of the Company (each an "**Authorised Person**") be and is hereby authorised to (a) execute and file in the name and on behalf of the Company, and under its corporate seal or otherwise, all plans, plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), (b) employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and (c) take and perform any and all further acts and deeds that any such Authorised Person, who may act without the joinder of any other Authorised Person, deems necessary, proper, or desirable in connection with the Chapter 11 Case, including (i) negotiating, executing, delivering, and performing under any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, (ii) appearing as necessary at all bankruptcy proceedings in the Bankruptcy Court on behalf of the Company, and (iii) paying all such expenses where necessary or appropriate in order to carry out fully the intent, and accomplish the purposes, of the resolutions adopted herein;

(h)     any Authorised Person be and is hereby authorised on behalf of and in the name of the Company, to seek to have its Chapter 11 Case administered by the Bankruptcy Court under chapter 11 of the Bankruptcy Code; and

(i)     all actions taken and any documents executed, signed or delivered prior to the date hereof by any Authorised Person in connection with the transactions contemplated hereby be and are hereby approved, ratified, confirmed and adopted by the Company.

5

**6.    RETENTION OF ADVISORS**

6.1    **Upon motion duly made, seconded and carried unanimously, IT WAS RESOLVED** that any Authorised Person be and is hereby authorised on behalf of and in the name of the Company to retain:

(a)    Davis Polk & Wardwell LLP, located at 450 Lexington Avenue, New York, NY 10017, as counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval;

(b)    Alvarez & Marsal North America, LLC, located at 540 West Madison Street, Suite 1800, Chicago, IL 60661, as financial and compensation advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval;

(c)    Perella Weinberg Partners, located at 757 Fifth Avenue, New York, NY 10153, as investment banker for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval;

(d)    Debevoise & Plimpton LLP, located at 66 Hudson Boulevard, New York, NY 10001, as fleet counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval;

(e)    Walkers (Cayman) LLP as Cayman Islands counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval;

(f)    O'Melveny & Myers LLP, located at 1201 Avenue of the Americas, Suite 1700, New York, NY 10019, as labor counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval;

(g)    Epiq Corporate Restructuring, LLC, as claims, noticing, solicitation, and administrative agent for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval;

(h)    Morris, Nichols, Arsht & Tunnell LLP, located at 1201 North Market Street, 16th Floor, Wilmington, DE 19801, as conflicts counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and

(i)    any other legal counsel, accountants, financial advisor, restructuring advisor, or other professionals as an such person deems necessary, appropriate, or advisable, to represent and assist the Company in carrying out its respective duties and responsibilities and exercising its respective rights under the Bankruptcy Code.

**7.    GENERAL AUTHORISATION**

7.1    **Upon motion duly made, seconded and carried unanimously, IT WAS RESOLVED** that, in connection with or to carry out the actions contemplated by the foregoing resolutions, any Director, officer or (if applicable) any attorney or duly authorised signatory of the Company (any such person being an "**Attorney**" or "**Authorised Signatory**" respectively) be, and such other persons as are authorised by any of them be, and each hereby is, authorised, in the name and on behalf of the Company, to do such further acts and things as any Director or officer or such duly authorised other person shall deem necessary or appropriate, including to do and perform (or cause to be done and performed), in the name and on behalf of the Company, all such acts and to sign, make, execute, deliver, issue or file (or cause to be signed, made, executed, delivered, issued or filed) with any person including any governmental authority or agency, all such agreements, documents, instruments, certificates, consents or waivers and all amendments to any such agreements, documents, instruments, certificates, consents or waivers and to pay, or cause to be paid, all such payments, as any of them may deem necessary or advisable in order to carry out the intent of the foregoing resolutions, the authority for the doing of any such acts and things and the signing,

making, execution, delivery, issue and filing of such of the foregoing to be conclusively evidenced thereby.

## 8. RATIFICATION OF PRIOR ACTIONS

8.1 **Upon motion duly made, seconded and carried unanimously, IT WAS RESOLVED** that any and all actions of the Company, or of any Director or officer or any Attorney or Authorised Signatory taken in connection with the actions contemplated by the foregoing resolutions prior to the execution hereof be and are hereby ratified, confirmed, approved and adopted in all respects as fully as if such action(s) had been presented to for approval and approved by, all the Directors prior to such action being taken.

## 9. CLOSE OF MEETING

9.1 There being no further business, the meeting then terminated.

[*signature page to follow*]

DocuSigned by:

*Simon Gore*

1DDECC144A994FE...

**Chair**

**Secretary**

[Signature page – Board Minutes (Chapter 11) – Spirit IP Cayman Ltd.]

**Fill in this information to identify the case and this filing:**

Debtor Name __Spirit IP Cayman Ltd.__

United States Bankruptcy Court for the: __Southern__ District of __New York__
(State)

Case number (If known): _____

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration __Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __11/25/2024__    X _____
MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                  __Thomas Canfield__
                                  Printed name

                                  __Director__
                                  Position or relationship to debtor