**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **SPIRIT AIRLINES, INC.,** *et al.*, | **Case No. 24-11988 (SHL)** |
| Debtors.[1] | **Jointly Administered** |

## GLOBAL NOTES AND STATEMENTS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Spirit Airlines, Inc. and its subsidiaries (collectively, the "**Debtors**" or the "**Company**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") pending in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), have prepared their respective unaudited schedules of assets and liabilities (collectively, as may be amended from time to time, the "**Schedules**") and unaudited statements of financial affairs (collectively, as may be amended from time to time, the "**Statements**" and, together with the Schedules, the "**Schedules and Statements**") in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), with the assistance of their legal and financial advisors.

These Global Notes and Statements Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of, all the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

### Disclaimers and Reservation of Rights

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**") or any other foreign jurisdiction, as applicable, nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Spirit Airlines, Inc. (7023); Spirit Finance Cayman 1 Ltd. (7020); Spirit Finance Cayman 2 Ltd. (7362); Spirit IP Cayman Ltd. (4732); and Spirit Loyalty Cayman Ltd. (4752). The Debtors' mailing address is 1731 Radiant Drive, Dania Beach, FL 33004.

[2] The Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors prepared a Global Note with respect to any individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any other Debtors' Schedules and Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

information that is subject to further review, potential adjustment.  Although the Debtors and their advisors made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances and based on information available at the time of preparation, there can be no assurance that the Schedules and Statements are complete or accurate. Subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors, inaccuracies, or omissions may have occurred or may occur in the future.  The Schedules and Statements and Global Notes should not be relied upon for information relating to the Company's current or future financial condition or performance.

Unlike the Company's consolidated financial statements, the Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated.  The Schedules and Statements include information derived from the Debtors' books and records.  The information presented has been reported in the Schedules and Statements in the good-faith belief the information provided is responsive and accurate.

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent a Debtor shows more assets than liabilities, it is not an admission that such Debtor was solvent as of the Petition Date (as defined below) or at any other time.  Likewise, to the extent a Debtor shows more liabilities than assets, it is not an admission that such Debtor was insolvent as of the Petition Date or at any other time.

The Schedules and Statements have been signed by Fred Cromer, Chief Financial Officer of the Debtors.  Accordingly, in reviewing and signing the Schedules and Statements, Mr. Cromer necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals.  Mr. Cromer has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.  Except as expressly required by the Bankruptcy Code, the Debtors, their officers, employees, agents, attorneys, and financial and other advisors expressly do not undertake any obligation to update, modify, revise, or recategorize any information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or recategorized.

The Debtors reserve all rights to amend the Schedules and Statements from time to time, in any and all respects, as they deem necessary or appropriate.  The Debtors reserve all rights to dispute, and to assert setoff rights, counterclaims, crossclaims, and defenses to, any claim[3] reflected in the Schedules or Statements on any grounds, including amount, liability, priority, status, or classification, and to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."  Listing a claim does not constitute an admission of liability by the Debtors.  The listing of any contract, agreement, or instrument on the Schedules and Statements does not constitute an admission by the Debtors as to the validity of any such contract, agreement, or instrument.  Nor does the omission of a contract, agreement or instrument from the Schedules or Statements constitute an admission that such omitted contract, agreement, or instrument is not an executory contract or unexpired lease.  The Debtors reserve the right to dispute the effectiveness

---

[3] As used herein, "claim" shall have the meaning ascribed to it in section 101(5) of the Bankruptcy Code.

of any contract, agreement, or instrument listed on or omitted from the Schedules and Statements or to amend the Schedules and Statements at any time.

Nothing contained in the Schedules and Statements constitutes a waiver of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including any claims against the Debtors, any rights or claims of the Debtors against any third party, any issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this section. Nothing contained in the Schedules and Statements or the Global Notes is intended as, or should be construed as, an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

## **Description of the Cases and "As Of" Information Date**

On November 18, 2024, Debtor Spirit Airlines, Inc. filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On November 25, 2024, Spirit Airlines, Inc.'s subsidiaries (collectively, the "**Cayman Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[4] The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), as ordered by the Court [ECF No. 121]. The Debtors have not been substantively consolidated and accordingly, each Debtor has filed its own Schedules and Statements.

On November 29, 2024, the United States Trustee for the Southern District of New York appointed an Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code [ECF No. 133]. No request has been made for the appointment of a trustee or examiner.

Reference is made to the *Joint Chapter 11 Plan of Reorganization of Spirit Airlines, Inc. and its Debtor Affiliates* [ECF No. 247] and the related disclosure statement [ECF No. 270] (including all appendices, exhibits, schedules, and supplements, and as altered, amended, supplemented, or otherwise modified from time to time in accordance therewith, the "**Plan**" and "**Disclosure Statement**," respectively). On December 17, 2024, the Bankruptcy Court entered an order [ECF No. 246] (the "**Scheduling Order**") that conditionally approved the Disclosure Statement as containing adequate information, in compliance with section 1125(a) of the Bankruptcy Code, for the purpose of soliciting votes on the Plan. Pursuant to the Scheduling Order, a combined hearing on the final approval of the Disclosure Statement and confirmation of the Plan will commence on January 29, 2025, at 11:00 a.m. (prevailing Eastern Time), before the

---

[4] As used herein, "**Petition Date**" refers to the date of commencement of the Chapter 11 Cases with respect to the applicable Debtor.

Honorable Sean H. Lane, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601.

Copies of the Plan, Disclosure Statement, and other documents publicly filed in the Chapter 11 Cases can be accessed free of charge at https://dm.epiq11.com/SpiritGoForward.

The asset information provided herein, except as otherwise noted, represents the asset data of each Debtor as of October 31, 2024, the date of the Debtors' month end closure to their balance sheet, and the liability data of each Debtor as of the close of business on the Petition Date. Foreign currencies are converted to U.S. dollars by the Debtors' internal accounting software.[5]

### Methodology and General Disclosures Applicable to Schedules and Statements

1.    **Net Book Value of Assets**.  Unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of October 31, 2024.  For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value.  Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets and may differ materially from the actual value and/or performance of the underlying assets.  As such, the value listed in the Schedules and Statements cannot be, and was not, used to determine the Debtors' enterprise valuation.

2.    **Recharacterization and Classifications**.  The Debtors used reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.  However, the Debtors may have improperly characterized, classified, categorized, designated, included, or omitted certain items.  Accordingly, the Debtors reserve all rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as deemed necessary or appropriate, including whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.

3.    **Classifications**.  Listing a claim on Schedule D as "secured," a claim on Schedule E/F as "priority" or "unsecured," or a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

4.    **Claims Description**.  Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed."

5.    **Estimates and Assumptions**.  The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts, including amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of filing the Schedules and Statements, and the reported amounts

---

[5] NTD:  Client to provide any additional detail necessary on exchange rates used in reporting.

of revenues and expenses during the applicable reporting periods. Actual results may differ materially from such estimates. The Debtors reserve all rights to amend the reported amounts of assets and liabilities, contingent assets and contingent liabilities, and revenues and expenses to reflect changes in those estimates or assumptions.

6. **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, crossclaim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract, in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

7. **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors used reasonable efforts to attribute intellectual property to the rightful Debtor owner; however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all rights with respect to the legal status of any and all intellectual property rights.

8. **Insiders**. In circumstances where the Schedules and Statements require information regarding "insiders," the relevant Debtor has included information with respect to the individuals and entities that the Debtor believes may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities. Persons and entities listed as "insiders" have been included for informational purposes only and their inclusion shall not constitute an admission that those entities or persons are insiders for purposes of section 101(31) of the Bankruptcy Code. The listing of an entity or person as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for any purpose, including to determine (a) control of any Debtor, (b) the extent to which any individual exercised management responsibilities or functions, (c) corporate decision-making authority over any Debtor, or (d) whether such individual

could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability. In addition, the Debtors used the best information available to them to determine the list of former directors and officers reflected in the Schedules and Statements, and reserve all rights to modify or amend such list.

9. **Basis of Presentation**. For financial reporting purposes, the Debtors ordinarily prepare consolidated financial statements. Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under GAAP. Therefore, the Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP or any other generally accepted accounting principles of foreign jurisdictions, as applicable, nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise. The Schedules and Statements are not intended to be fully reconciled with the financial statements of each Debtor.

10. **Confidential or Sensitive Information**. There may be instances in the Schedules and Statements where the Debtors deemed it necessary or appropriate to redact from the public record information such as names, addresses, or amounts. Generally, the Debtors have used this approach because of an agreement between the Debtors and a third party, local restrictions on disclosure, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. Furthermore, by order of the Bankruptcy Court [ECF No. 153], personal identifying information, such as mailing addresses of individuals, has been redacted from the Schedules and Statements.

11. **Duplication**. Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors endeavored to only list such assets, liabilities, and prepetition payments once.

12. **Executory Contracts**. Although the Debtors used reasonable efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

13. **Umbrella or Master Agreements**. Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements may have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

14. **Leases**. The Debtors excluded from the Schedules and Statements the future obligations of any capital or operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule F of the Schedules.

15.     **Valuation**.  In many instances, current market valuations are not maintained by or readily available to the Debtors.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations of all of their assets.  Accordingly, unless otherwise indicated, net book values as of October 31, 2024 are reflected on the Schedules and Statements.  Exceptions to this include operating cash and certain other assets.  Operating cash is presented at bank balance as of the Petition Date.  Certain other assets, such as investments in subsidiaries and other intangible assets, are listed as undetermined amounts, as the net book values may differ materially from fair market values.  Amounts ultimately realized may vary from net book value (or other value so ascribed) and such variance may be material.  Accordingly, the Debtors reserve all rights to amend, adjust, supplement, or otherwise modify the value of each asset set forth herein.  In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.  Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in the Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any of the Debtors' rights with respect to such asset.

16.     **Property and Equipment**.  Unless otherwise indicated, owned property and equipment are stated at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  To the extent possible, any such leases are set forth in the Schedules and Statements.  Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

17.     **Undetermined Amounts**.  The description of an amount as "unknown," "undetermined," "disputed," "contingent," or "unliquidated" is not intended to reflect upon the materiality of such amount.

18.     **Unliquidated Amounts**.  Amounts that the Debtors could not fairly or readily quantify are scheduled as "unliquidated."

19.     **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.  To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in the Schedules are inclusive of each Debtor's guarantor obligations.

20.     **Allocation of Liabilities**.  The Debtors attempted to allocate liabilities between the prepetition and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and post-petition periods may change, potentially materially.

21.     **503(b)(9) Claims**.  The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all

rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

22.    **Court Orders**.  Pursuant to certain "first day" orders entered by the Bankruptcy Court in the Chapter 11 Cases (collectively, the "**First Day Orders**"), the Debtors are authorized (but not directed) to pay or otherwise satisfy various prepetition claims, including those related to employees, lienholders, customer obligations, vendors, taxes and fees, and trade.  Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore generally are not listed in the Schedules and Statements.  Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement the Schedules and Statements or object to scheduled amounts or proofs of claim as deemed necessary or appropriate, including to avoid overpayment of or duplicate payments for any such liabilities.  Nothing contained herein shall alter the rights of any party in interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves such right.

23.    **Other Paid Claims**.  To the extent the Debtors have reached any post-petition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements or any claims filed in connection therewith, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval (if needed).

24.    **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (a) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (b) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtors on a post-petition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and post-petition payments, if applicable.  The Debtors reserve all rights with regard to such credits, allowances, and other adjustments, including the right to assert claim objections and other defenses with respect thereto.

25.    **Intercompany Claims**.  Receivables and payables among and between the Debtors are reported on Statement 4 per the Debtors' unaudited books and records.  As described more fully in the *Motion of the Debtor for Entry of Interim and Final Orders (I) Authorizing (A) the Debtors to Maintain their Existing Cash Management System, Bank Accounts, and Business Forms, (B) the Debtors to Open and Close Bank Accounts, and (C) Financial Institutions to Administer the Bank Accounts and Honor and Process Related Checks and Transfers, (II) Waiving Deposit and Investment Requirements, and (III) Allowing Intercompany Transactions and Affording Administrative Expense Priority to Post-Petition Intercompany Claims* [ECF No. 7] (the "**Cash Management Motion**"), the Debtors engage in a range of intercompany transactions in the ordinary course of business.  The Bankruptcy Court granted the Cash Management Motion and authorized the Debtors authority to continue engaging in intercompany transactions in the ordinary course of business subject to certain limitations.  *See* ECF Nos. 46 and 273.  Thus, intercompany balances as of the Petition Date, as set forth on Statement 4 may not accurately reflect current positions.  The Cayman Debtors do not maintain separate financial statements from Debtor Spirit Airlines, Inc. and are not required to assign a value to intercompany receivables and payables

8

pursuant to GAAP or the provisions of applicable securities laws. Accordingly, these amounts are not reported on Schedule A/B and Schedule E/F. Intercompany cash transfers, for which the Debtors maintain records, are reported on Statement 4, as discussed herein.

The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise or an admission as to the validity of such receivables and payables. For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including with respect to the characterization of intercompany claims, loans, and notes. Without limiting the generality of the foregoing, certain intercompany receivables and payables among and between the Debtors have been consolidated and netted in the Debtors' books and records. Such treatment is not, and should not be construed as, an admission or conclusion of the Debtors regarding the allowance, classification, characterization, amount, validity, or priority of any such intercompany receivables and payables or the validity of any netting or offsets per the Debtors' books and records. The Debtors take no position in the Schedules and Statements as to whether any such amounts would be allowed as a claim or an interest, or not all allowed at all. The listing of these amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or claim status of any intercompany liability account. The Debtors reserve all rights to later change the amounts, characterization, classification, categorization, or designation of intercompany accounts reported in the Schedules and Statements.

In addition, certain of the Debtors act on behalf of other Debtors. Reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation. Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity is an obligor with respect to any such payment. The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

As more fully described in the Cash Management Motion, the Debtors recorded numerous intercompany transactions in their books and records each month, including cash transfers and journal entries. Instead of listing each of these numerous transactions and entries in the Statements and Schedules for each month, the Debtors included monthly balances and net activity for the one year prior to the Petition Date. In addition, the Debtors separately listed any intercompany cash payments, which transactions are also recorded in the net monthly activity listing in the Debtors' books and records.

26.     **Guarantees, Indemnifications, and Other Secondary Liability Claims**. The Debtors used reasonable efforts to locate and identify guarantees, indemnifications, and other secondary liability claims (collectively, "**Guarantees**") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule G and Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.

27.    **Claims of Third-Party Related Entities**.  While the Debtors used reasonable efforts to properly classify each claim listed in the Schedules as being either determined or undetermined, disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors were unable to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations thereto.  Therefore, to the extent that a Debtor classified its estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered disputed, whether or not they are designated as such.

28.    **Excluded Assets and Liabilities**.  The Debtors excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including:  certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; goodwill and other intangibles; deferred revenue accounts; and certain accrued liabilities (*e.g.*, accrued salaries and employee benefits).  The Debtors also have excluded rejection damages claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage claims exist.  In addition, and as set forth herein, the Debtors may have excluded amounts for which they have been granted authority to pay pursuant to a First Day Order or other order of the Bankruptcy Court.  Also, certain immaterial assets and liabilities may have been excluded.

29.    **Liens**.  The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any mechanic's, materialmen, or other liens that may attach (or have attached) to such inventories, property, and equipment, and the Debtors reserve all rights with respect to such liens.

30.    **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

31.    **Setoffs**.  The Debtors routinely take and are subject to setoffs and other similar rights during the ordinary course of business, including in connection with intercompany transactions, pricing discrepancies, refunds, and disputes between the Debtors and various third parties.  These setoffs and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately.  Therefore, although such setoffs and other similar rights may have been accounted for when certain amounts were included in the Schedules, they are not independently accounted for and, as such, may be excluded from the Schedules.  In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff and recoupment rights that may be asserted.

### Specific Notes and Disclosures Regarding the Schedules

1.    **Schedule A/B, Part 1 – Cash and Cash Equivalents**.  Details with respect to the Debtors' cash management system and bank accounts are provided in the Cash Management Motion.  **The Debtors' cash balances are listed as of November 18, 2024, at bank balances.**  Debtors Spirit Loyalty Cayman Ltd. and Spirit IP Cayman Ltd. jointly own certain bank accounts.  Where applicable, the Debtors reflected the applicable cash balances on the Schedules of Debtor Spirit Loyalty Cayman Ltd.

2.      **Schedule A/B, Part 3 – Accounts Receivable, Item 11**.  The Debtors' reported accounts receivable include amounts that may be uncollectible.  Notwithstanding the foregoing, the Debtors used reasonable efforts to deduct doubtful or uncollectible accounts.  The Debtors are unable to determine with certainty what amounts will actually be collected.

3.      **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture**.  Ownership interests in subsidiaries, partnerships, joint ventures, and investments in non-publicly traded securities have been listed in Schedule A/B, Part 4, as undetermined amounts, because the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

4.      **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles**.  Dollar amounts are presented net of accumulated depreciation and other adjustments.

5.      **Schedule A/B, Part 8 – Machinery, Equipment, and Vehicles**.  For those Debtors that own machinery, equipment and vehicles, dollar amounts are presented net of accumulated depreciation and other adjustments.  Due to the volume, the individual fixed asset schedules have not been included in Schedule A/B, Part 8.

6.      **Schedule A/B, Part 9 – Real Property**.  For those Debtors that own real property, such owned real estate is reported at book value, net of accumulated depreciation.  Any buildings and land improvements are listed on Schedule A/B, Part 9, independent of whether the real property to which the building or land improvement is connected is Debtor-owned property.  The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property.  The Debtors reserve all rights to recategorize and recharacterize such asset holdings.

7.      **Schedule A/B, Part 10 – Intangibles and Intellectual Property, Items 59-66**. The Debtors review goodwill and other intangible assets having indefinite lives for impairment annually or when events or changes in circumstances indicate the carrying value of these assets might exceed their current fair values.  Given the chapter 11 filing, results from an impairment test were unavailable at the time that the Schedules and Statements were prepared, and therefore several of the Debtors' intangible asset values may be listed as undetermined.  The Debtors do not have any goodwill.  The Debtors report intellectual property assets as net book value based on the Debtors' books and records whenever applicable.  The exclusion of listing similar assets at additional Debtors should not be construed as an admission that other Debtors do not possess similar assets.][6]

8.      **Schedule A/B, Part 11 – All Other Assets**.  Dollar amounts are presented net of impairments and other adjustment.

---

[6] NTD:  Client to confirm whether this note is applicable.

(a) *Item 72 – Tax Refunds and Unused Net Operating Losses (NOLs).* The Debtors may receive refunds for sales and use tax at various times throughout their fiscal year. As of the Petition Date, however, certain of these amounts are unknown to the Debtors and, accordingly, may not be listed on Schedule A/B. Additionally, the Debtors may be entitled to apply certain net operating losses or other tax attributes. As of the Petition Date, the value of these tax attributes is unknown to the Debtors and accordingly is described as such on Schedule A/B.

(b) *Item 73 – Interests in Insurance Policies or Annuities.* A list of the Debtors' insurance policies and related information is available in the *Motion of the Debtor for Entry of Interim and Final Orders Authorizing (I) the Debtors to (A) Continue and Renew Their Liability, Property, Casualty, Surety Bond, and Other Corporate Insurance Programs, and Honor All Obligations in Respect Thereof and (B) Enter Into New Premium Financing Agreements and (II) Financial Institutions to Honor and Process Related Checks and Transfers* [ECF No. 12].

(c) *Items 74 and 75 – Causes of action against third parties (whether or not a lawsuit has been filed) and other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtors and rights to set off claims.* The Debtors attempted to list known causes of action and other claims. Potential preference actions and fraudulent transfer actions were not listed because the Debtors did not complete an analysis of such potential claims. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

(d) *Item 77 – Other property of any kind not already listed.* The Debtors indicated that intercompany payables and receivables have unknown values. The Debtors are not required to assign a value to these receivables pursuant to GAAP or the provisions of applicable securities laws. Accordingly, their amounts are not readily determinable. Cash transfers between certain Debtors are reflected in the Statements, Part 2, Question 4.

(e) *Executory Contracts and Unexpired Leases.* The Debtors listed their executory contracts and unexpired leases on Schedule G. The Debtors reserve all rights with respect to any and all executory contracts and unexpired leases, including whether such agreements are or are not executory contracts and the right to amend Schedule G.

9. **Schedule D – Creditors Who Have Claims Secured by Property**. Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the nature or structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors.  No claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

Schedule D does not include beneficiaries of letters of credit.  Although the claims of these parties may be secured by a letter of credit, the Debtors' obligations under the letters of credit run to the issuers thereof, and not to the beneficiaries thereof.

The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or documents.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D.  The Debtors did not include parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.  Certain of the leases of aircraft listed on Schedule G are listed on the Debtors' financial statements as secured capital leases.  This designation is solely for accounting purposes, and the Debtors treat these leases as operating leases in the ordinary course of their business.  Accordingly, these leases have been listed on Schedule G rather than Schedule D.

Detailed descriptions of the Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Motion of Debtors for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 363, 364, 503, 506, 507, and 552, (I) Authorizing the Debtors, Upon Entry of the Final Order, to Obtain Senior Secured Superpriority Post-Petition Financing, (II) Authorizing the Debtors' Use of Any Cash Collateral, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [ECF No. 22] and the *Declaration of Fred Cromer in Support of the Chapter 11 Proceedings and First Day Pleadings* [ECF No. 2].

10.    **Schedule E/F – Creditors Who Hold Unsecured Claims**.  Schedule E/F does not include certain deferred charges, deferred liabilities, accruals (other than those noted herein), or general reserves.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.  The Debtors used reasonable efforts to include as contingent, unliquidated, or disputed the claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.  Schedule E/F includes certain trade payable claims representing accrued liabilities as of the Petition Date.  Such accrued claims are listed at undetermined amounts because the Debtors' record-keeping practices only identify such accounts payable as prepetition or post-petition claims upon ultimate payment of the related invoices (*i.e.*, the accrued amounts are not yet broken down between prepetition vs. post-petition).

(a)    *Part 1 – Creditors with Priority Unsecured Claims*.  The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy

Code.  The Debtors reserve all of their rights to dispute the amount and the priority status of any claim on any basis at any time.

Pursuant to the *Final Order Authorizing (I) the Debtors to Pay Certain Prepetition Taxes, Governmental Assessments, and Fees and (II) Financial Institutions to Honor and Process Related Checks and Transfers* [ECF No. 263] (the "**Final Taxes Order**"), the Bankruptcy Court authorized the Debtors to pay certain tax liabilities that accrued prepetition.  Accordingly, any unsecured priority claims based upon prepetition tax accruals that have been paid or may be paid pursuant to the Final Taxes Order or pursuant to any other Bankruptcy Court order are not listed in Schedule E.  The Debtors believe that any undisputed tax claims for prepetition amounts, whether allowable as a priority or nonpriority claim have been or will be satisfied.

Moreover, in lieu of listing all of the Debtors' possible taxing authorities for notice purposes in Schedule E/F, the Debtors only listed those taxing authorities with which the Debtors have pending audits.  A more fulsome list is attached to the motion which sought entry of the Taxes Order [ECF No. 13].

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

Pursuant to the *Final Order Authorizing (I) the Debtors to (A) Honor Prepetition Employee Obligations and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Current and Former Employees to Proceed With Outstanding Workers' Compensation Claims, and (III) Financial Institutions to Honor and Process Related Checks and Transfers* [ECF No. 265] (the "**Final Wages Order**"), the Bankruptcy Court authorized the Debtors to pay certain prepetition obligations, including obligations related to employee wages and other employee benefits, in the ordinary course of business.  Accordingly, no undisputed, prepetition claims of non-insiders related to employee wages and other employee benefits that have been paid or may be paid pursuant to the Final Wages Order or pursuant to any other Bankruptcy Court order is listed in Schedule E/F Part 1.

(b)   *Part 2 – Creditors with Nonpriority Unsecured Claims*.  The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records.  The Debtors made a commercially reasonable effort to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2.  The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

The Debtors generally allocate individual liabilities to particular Debtors.  However, in certain cases, it would be a time-consuming and inefficient use of estate resources, or impracticable, to assign a given liability to a particular Debtor based on a contractual obligation.  Instead, the Schedules reflect the liability based on the Debtors' books and records.

Schedule E/F, Part 2 (Statements Part 3, Question 7), contains information regarding threatened or pending litigation involving the Debtors. The amounts for these threatened or pending claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements. The Debtors did not list workers' compensation claims on Schedule E/F.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases, if any, that may be rejected in these chapter 11 cases.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to beneficiaries under the Company's non-qualified retirement arrangements. Such amounts are based on the Company's most recent actuarial calculation of the applicable defined benefit (for defined benefit arrangements) or the most recent balance of the applicable account (for defined contribution arrangements).

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors did not list a specific date or dates for such claim.

As of the time of filing the Schedules and Statements, the Debtors may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. The Debtors reserve all rights to amend Schedules D and E/F if and as they deem necessary or appropriate.

Liabilities listed on Schedule E/F reflect the Debtors' books and records balance as of the Petition Date. The Debtors used reasonable efforts to exclude any prepetition amounts paid pursuant to orders entered by the Bankruptcy Court; however, certain of these claims may be listed on Schedule E/F, and the Debtors reserve all rights with respect thereto. The Debtors expect that certain suppliers may continue to receive payments on account of prepetition amounts through the pendency of the Chapter 11 Cases (subject to Bankruptcy Court approval, if needed). Moreover, certain vendors are also customers, and the amounts are netted monthly; therefore, the Debtors listed these liabilities with an unliquidated flag.

Schedule E/F, Part 2, reflects certain intercompany payables and receivables with an undetermined value. The Debtors are not required to assign a value to these receivables pursuant to GAAP or the provisions of applicable securities laws. Accordingly, their amounts are not readily determinable. Cash transfers between certain Debtors are reflected in the Statements, Part 2, Question 4.

11.    **Schedule G – Executory Contracts and Unexpired Leases**.  Listing or omitting an agreement, contract, document, or other instrument on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease, that it was in effect on the Petition Date, or that it is valid or enforceable.  The Debtors reserve all rights to dispute the validity, status, or enforceability of any contracts, leases, agreements, or other instruments (whether or not set forth on Schedule G) and to amend or supplement Schedule G as they deem necessary or appropriate.  Certain leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.  The Debtors expressly reserve the right to assert that any instrument listed on Schedule G is or is not an executory contract within the meaning of section 365 of the Bankruptcy Code.  In addition, the Debtors may have entered into certain confidentiality and non-compete agreements or various other types of agreements in the ordinary course of their businesses, such as supplemental agreements and letter agreements, which documents may not be set forth in Schedule G.  The Debtors reserve all rights with respect to all agreements.

The Debtors reserve all rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization, nature, or structure of any transaction, agreement, contract, document, or other instrument (including any intercompany agreement), or any claims related thereto.

The instruments listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' reasonable efforts to identify such documents.

Certain of the aircraft leases listed on Schedule G are listed on the Debtors' financial statements as secured capital leases.  This designation is solely for accounting purposes, and the Debtors treat these leases as operating leases in the ordinary course of their business.  Accordingly, these leases have been listed on Schedule G rather than Schedule D.

Unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.  In some cases, the same supplier or provider may appear multiple times in Schedule G.  Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors omitted employee form offer letters and non-compete agreements that each employee must execute in order to be employed by the Debtors from Schedule G.  The Debtors used reasonable efforts to include all insurance policies on Schedule G for which they are a beneficiary.

In some cases, contract counterparties from dormant legacy businesses and historical acquisitions may not have been updated to reflect assignment to active Debtor entities although the Debtors have assumed and continue to perform under the terms and conditions of such agreements (as amended, if applicable).  In such cases, the Debtors included such items on Schedule G of the Debtor entity that performs the terms and conditions of such agreements as of the Petition Date.

Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' prepetition notes.  The guaranty obligations arising under these agreements are reflected on Schedules D and F only.

12.     **Schedule H – Co-Debtors**.  In the ordinary course of their businesses, certain Debtors may pay certain expenses for and on behalf of their affiliates.  For purposes of Schedule H, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable.

The Debtors did not list any litigation-related co-Debtors on Schedule H.  Instead, all such listings can be found on Schedule E/F.

### Specific Notes and Disclosures Regarding the Statements

1.      **Statements, Part 1, Question 2 – Non-Business Revenue**.  Non-business revenue includes such items as capitalized interest, interest income, and gains on the extinguishment of debt, as consistent with the Debtors' financial statements.

2.      **Statements, Part 2, Question 3 – Certain payments or transfers to creditors within 90 days before filing this case**.  Any payments made to the Debtors' bankruptcy case professionals and/or insiders within the 90 days prior to the Petition Date are disclosed in response to SOFA 11 and SOFA 30, respectively, and therefore are not listed in response to SOFA 3.  Payments made to the Debtors' non-insider employees also are not listed herein.  Payments made to employees for compensation are not included; however, transfers made to third-party administrators used to compensate employees were included.  Moreover, due to the Debtors' historical reporting practices, the clearing dates for certain transactions may reflect the date the transaction was entered rather than the date the cash cleared the Debtors' account.

3.      **Statements, Part 2, Question 4 – Payments or other transfers of property made within 1 year before filing this case that benefited any insider**.  The information reported on Question 4 is representative of the total payments made to insiders on behalf of the Debtor entities during the year prior to the Petition Date.  For the avoidance of doubt, the information reported on Question 4 may include payments to individuals who may have been insiders at the time of payment but are no longer employed in such capacity by a Debtor.  The Debtors listed intercompany cash transfers on a net basis for the period between November 18, 2023 and November 17, 2024.

The information reported on Question 4 includes certain payments made to Walkers Fiduciary Limited ("**Walkers Fiduciary**") on account of independent director services provided

by Gennie Bigord.  Ms. Bigord serves as an independent member of the Boards of Directors of the Cayman Debtors and is a Senior Vice President of Walkers Fiduciary.  Ms. Bigord was not paid directly by the Debtors.

The information reported on Question 4 also includes certain payments made to potential insiders on account of the now-terminated proposed merger between the Debtors and JetBlue.  Specifically, certain individuals who may have been insiders received (a) contractually mandated payments under the merger documents (denoted on the response to Question 4 as "Merger Retention Payments") and (b) their respective share of dividends payable to all holders of common equity in Debtor Spirit Airlines, Inc. related to such proposed merger (denoted on the response to Question 4 as "Jet Blue Merger Payments").

4.    **Statements, Part 2, Question 6 – Setoffs**.  For a discussion of setoffs and nettings incurred by the Debtors, refer to ¶ 31 above.

5.    **Statements, Part 3, Question 7 – Legal Actions**.  Due to the nature of their businesses, the Debtors receive numerous customer complaints and are sometimes subject to actual or threatened small claims litigation.  The Debtors omitted such customer demands and certain small claims litigation from the Statements.  The Debtors did not list workers' compensation claims in response to Question 7.

6.    **Statements, Part 6, Question 11 – Payments Related to Bankruptcy**.  Certain disbursements listed in Question 11 reflect payments to professionals made by a certain Debtor entity, but may be subject to applicable allocation amongst the Debtors.  The Debtors listed payments made to professionals retained by the Debtors but not payments made to advisors of their post-petition lenders or other parties on account of any applicable fee arrangements.  For the avoidance of doubt, many of these payments were not made in contemplation of the Chapter 11 Cases, and may include amounts unrelated to financial restructuring.

7.    **Statements, Part 11, Question 20 – Off-Premises Storage**.  Due to the nature of the Debtors' businesses, they maintain several off-premises storage sites.  Various personnel of the Debtors have access to these storage sites and the individuals with access may change from time to time.  Accordingly, the Debtors did not list each such individual on Statement 21.

8.    **Statements, Part 11, Question 21 – Property Held for Another**.  Due to the nature of the Debtors' businesses, they are in possession of property of other individuals or entities in the form of aircraft and equipment parts.  This property is held by the Debtors and moved between locations, including warehouses and repair stations, in a manner such that a report regarding its location at any moment in time would become obsolete immediately, and updating such record would impose an unreasonable administrative burden on the Debtors.  Accordingly, the location of such property has been reported as "Various" on the Statements.

9.    **Statements, Part 12, Questions 22-24 – Details about Environmental Information**.  The Debtors endeavored to disclose all applicable information in response to Statements, Part 12, Questions 22–24.

10.    **Statements, Part 13, Question 26 – Books, Records, and Financial Statements**. Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, at the end of

each of its fiscal quarters and years and upon the occurrence of events requiring disclosure on Form 8-K, Debtor Spirit Airlines, Inc. prepares and files (or furnishes, as applicable) with the Securities and Exchange Commission (the "**SEC**") Quarterly Reports on Form 10-Q, Annual Reports on Form 10-K, and Current Reports on Form 8-K, among other filings made with the SEC from time to time (collectively, the "**SEC Filings**").  Certain of Spirit Airlines, Inc.'s SEC Filings contain consolidated financial statements relating to the Debtors.  Additionally, Spirit Airlines, Inc. has historically provided the SEC Filings in the investor relations section of its website.  Because the SEC Filings are of public record, Spirit Airlines, Inc. does not maintain records of the parties who requested or obtained copies of any of the SEC Filings from the SEC, the Debtors, or other sources.

11.      **Statements, Part 13, Question 27 – Inventories**.  The Debtors inventory product at their various locations on a regular basis.  In an effort to reduce the amount of disclosures that would be otherwise applicable, the Debtors only listed their last two inventories, dated as July 10, 2023 and June 21, 2024, respectively.

12.      **Statements, Part 13, Question 28 – Current Partners, Officers, Directors, and Shareholders**.  With respect to Debtors' ownership of other Debtors, the Debtors listed only entities that are direct owners of other Debtors as of the Petition Date.

13.      **Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders**.  Please refer to Question 4 regarding all payments to insiders.

**Fill in this information to identify the case:**

Debtor name    Spirit IP Cayman Ltd.

United States Bankruptcy Court for the:    Southern District of New York

Case number (If known):    24-12040 (SHL)

☐ Check if this is an amended filing

Official Form 206Sum
# Summary of Assets and Liabilities for Non-Individuals
12/15

| Part 1: | Summary of Assets |
| --- | --- |

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**

     Copy line 88 from *Schedule A/B* ............................................................................................    $ _____ 0.00

   1b. **Total personal property:**

     Copy line 91A from *Schedule A/B* ..........................................................................................    $ _____ 18.39*

   1c. **Total of all property:**

     Copy line 92 from *Schedule A/B* ............................................................................................    $ _____ 18.39*

| Part 2: | Summary of Liabilities |
| --- | --- |

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* ............................    $ __ 1,117,153,333.33

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**

     Copy the total claims from Part 1 from line 5a of *Schedule E/F* ............................................    $ _____ 0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**

     Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ...................    + $ _____ 0.00

4. **Total liabilities** .......................................................................................................................    $ __ 1,117,153,333.33

   Lines 2 + 3a + 3b

*Plus Undetermined Amounts

| Fill in this information to identify the case: |
| --- |
| Debtor name   Spirit IP Cayman Ltd. |
| United States Bankruptcy Court for the:   Southern District of New York |
| Case number (If known)   24-12040 (SHL) |

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1.  **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

2.  **Cash on hand**                                                         $                    0.00

3.  **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- |
| 3.1  Wilmington Trust | Other Account | 5 0 0 1 | $                   18.39 |
| 3.2 | | | $ |

4.  **Other cash equivalents** *(Identify all)*

| | | |
| --- | --- | --- |
| 4.1  None | | $                    0.00 |
| 4.2 | | $ |

5.  **Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    $                   18.39

| Part 2: | Deposits and prepayments |
| --- | --- |

6.  **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

Current value of debtor's interest

7.  **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

| | |
| --- | --- |
| 7.1 | $ |
| 7.2 | $ |

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1 _____   $ _____

8.2 _____   $ _____

9. **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.   $ _____ 0.00

---

**Part 3:   Accounts receivable**

10. **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

11. **Accounts receivable**

11a. 90 days old or less: _____ – _____ = ...... → $ _____
    face amount              doubtful or uncollectible accounts

11b. Over 90 days old: _____ – _____ = ...... → $ _____
    face amount              doubtful or uncollectible accounts

12. **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.   $ _____ 0.00

---

**Part 4:   Investments**

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

14.1 _____   _____   $ _____

14.2 _____   _____   $ _____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                              % of ownership:

15.1 _____   _____ %   _____   $ _____

15.2 _____   _____ %   _____   $ _____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1 _____   _____   $ _____

16.2 _____   _____   $ _____

17. **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.   $ _____ 0.00

---

## Part 5:   Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| **20. Work in progress** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| **21. Finished goods, including goods held for resale** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| **22. Other inventory or supplies** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |

23. **Total of Part 5.**

Add lines 19 through 22. Copy the total to line 84.

| $ | 0.00 |
|---|---|

24. **Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value  $ _____   Valuation method _____   Current value  $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 6:   Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops-either planted or harvested** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **29. Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| _____ | $ _____ | _____ | $ _____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $ _____ | _____ | $ _____ |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $ _____ | _____ | $ _____ |

**33. Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$ _____ 0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

    ☐ No

    ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $ _____   Valuation method _____   Current value $ _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Part 7:   Office furniture, fixtures, and equipment; and collectibles**

**38 Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☒ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | $ _____ | _____ | $ _____ |
| **40. Office fixtures** | $ _____ | _____ | $ _____ |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | $ _____ | _____ | $ _____ |
| **42. Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $ _____ | _____ | $ _____ |
| 42.2 _____ | $ _____ | _____ | $ _____ |
| 42.3 _____ | $ _____ | _____ | $ _____ |

**43. Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$ _____ 0.00

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor    Spirit IP Cayman Ltd.                                                          Case number (If known)   24-12040 (SHL)
Name

## Part 8:    Machinery, equipment, and vehicles

46.  **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑  No. Go to Part 9.

☐  Yes. Fill in the information below.

| General Description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47.  **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1 | $ | | $ |
| 47.2 | $ | | $ |
| 47.3 | $ | | $ |
| 47.4 | $ | | $ |

48.  **Watercraft, trailers, motors, and related accessories**  Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1 | $ | | $ |
| 48.2 | $ | | $ |

49.  **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1 | $ | | $ |
| 49.2 | $ | | $ |

50.  **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| | $ | | $ |

51.  **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$                 0.00

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**

☐  No

☐  Yes

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐  No

☐  Yes

**Part 9:** **Real property**

54. **Does the debtor own or lease any real property?**

 ☒ No. Go to Part 10.

 ☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 | | $ | | $ |
| 55.2 | | $ | | $ |
| 55.3 | | $ | | $ |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

56. **Total of Part 9.**

 Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

                              $     0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

 ☐ No

 ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

 ☐ No

 ☐ Yes

**Part 10:** **Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

 ☐ No. Go to Part 11.

 ☒ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets**<br>See Attached Rider | $ Undetermined | | $ Undetermined |
| 61. **Internet domain names and websites**<br>See Attached Rider | $ Undetermined | | $ Undetermined |
| 62. **Licenses, franchises, and royalties**<br>None | $ | | $ 0.00 |
| 63. **Customer lists, mailing lists, or other compilations**<br>None | $ | | $ 0.00 |
| 64. **Other intangibles, or intellectual property**<br>None | $ | | $ 0.00 |
| 65. **Goodwill**<br>None | $ | | $ 0.00 |

66. **Total of Part 10.**

 Add lines 60 through 65. Copy the total to line 89.

                            $ Undetermined

***Plus Undetermined Amounts**

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☑ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 11:   All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

|  | | | | Current value of debtor's interest |
|---|---|---|---|---|

71. **Notes receivable**

Description (include name of obligor)

| None | | — | = → | $ | 0.00 |
|---|---|---|---|---|---|
|  | Total Face Amount | Doubtful or uncollectible Amount | | | |

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

| None | Tax Year | $ | 0.00 |
|---|---|---|---|
|  | Tax Year | $ | |
|  | Tax Year | $ | |

73. **Interests in insurance policies or annuities**

| See Attached Rider | $ | Undetermined |
|---|---|---|

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

| None | $ | 0.00 |
|---|---|---|

**Nature of Claim**

**Amount Requested**   $

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

| None | $ | 0.00 |
|---|---|---|

**Nature of Claim**

**Amount Requested**   $

76. **Trusts, equitable or future interests in property**

| None | $ | 0.00 |
|---|---|---|

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

| None | $ | 0.00 |
|---|---|---|
|  | $ | |

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

| $ | Undetermined |
|---|---|

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

**\*Plus Undetermined Amounts**

Debtor   Spirit IP Cayman Ltd.

Name

Case number (If known)   24-12040 (SHL)

## Part 12:   Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of Property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 18.39 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* .............................................. → | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ Undetermined | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ Undetermined | |
| 91. **Total.** Add lines 80 through 90 for each column.............................91a. | $ 18.39* | + 91b. $0.00 |

92. **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92................................................................ $ 18.39*

**\*Plus Undetermined Amounts**

Debtor Name:  Spirit IP Cayman Ltd.                                    Case Number:  24-12040 (SHL)

**Assets - Real and Personal Property**

**Part 10, Question 60:** Patents, copyrights, trademarks, and trade secrets

| Patents, copyrights, trademarks, and trade secrets | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| Trademark: FREE SPIRIT | Undetermined | N/A | Undetermined |
| Trademark: FREE SPIRIT AGRUPACIÓN DE PUNTOS | Undetermined | N/A | Undetermined |
| Trademark: FREE SPIRIT GOLD | Undetermined | N/A | Undetermined |
| Trademark: FREE SPIRIT POINTS + CASH | Undetermined | N/A | Undetermined |
| Trademark: FREE SPIRIT POINTS POOLING | Undetermined | N/A | Undetermined |
| Trademark: FREE SPIRIT PUNTOS + DINERO | Undetermined | N/A | Undetermined |
| Trademark: FREE SPIRIT PUNTOS DE CALIFICACIÓN DE ESTATUS | Undetermined | N/A | Undetermined |
| Trademark: FREE SPIRIT SILVER | Undetermined | N/A | Undetermined |
| Trademark: FREE SPIRIT STATUS QUALIFYING POINTS | Undetermined | N/A | Undetermined |
| Trademark: SPIRIT (NEW) logo | Undetermined | N/A | Undetermined |
| Trademark: SPIRIT AIRLINES | Undetermined | N/A | Undetermined |
| Trademark: SPIRIT AIRLINES | Undetermined | N/A | Undetermined |
| Trademark: Spirit Logo | Undetermined | N/A | Undetermined |
| Trademark: Spirit Logo | Undetermined | N/A | Undetermined |
| Trademark: SPIRIT Logo | Undetermined | N/A | Undetermined |
| Trademark: SPIRIT SAVER$ CLUB | Undetermined | N/A | Undetermined |
| Trademark: SPIRIT SAVER$ CLUB Logo | Undetermined | N/A | Undetermined |
| Trademark: SPIRIT VACATIONS | Undetermined | N/A | Undetermined |
| Trademark: Spirit Less Money. More Go. Logo | Undetermined | N/A | Undetermined |
| Trademark: SPIRITANEOUS | Undetermined | N/A | Undetermined |
| Trademark: SPIRITLINK | Undetermined | N/A | Undetermined |
| | **TOTAL** | | $0.00 |
| | | | + Undetermined Amounts |

Debtor Name:  Spirit IP Cayman Ltd.                                                    Case Number:  24-12040 (SHL)

**Assets - Real and Personal Property**

**Part 10, Question 61:** Internet domain names and websites

| Internet domain names and websites | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| Domain: SPIRIT.COM | Undetermined | N/A | Undetermined |
| Domain: SPIRITAIR.COM | Undetermined | N/A | Undetermined |
| | | **TOTAL** | $0.00 |
| | | | + Undetermined Amounts |

Debtor Name:  Spirit IP Cayman Ltd.                                                                    Case Number:  24-12040 (SHL)

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| ACE American Insurance Company | Workers' Compensation | WLR C68924650  (AZ, CA, MA) | Undetermined |
| ACE Fire Underwriters Insurance Company | Workers' Compensation | CTA G48899158 | Undetermined |
| ACE Fire Underwriters Insurance Company | Workers' Compensation | SCF C55520008 (WI) | Undetermined |
| AIG - American Home Assurance Co. | All Risk Property and Business Interruption | 025032576 | Undetermined |
| AIG - National Union Fire Insurance Company | Directors & Officers Liability | 13th  Excess - 01-073-57-40 | Undetermined |
| AIG - WorldSource | International (Foreign) Package Program | WS11011076 | Undetermined |
| AIG Specialty Ins Co. (Primary) | Cyber & Media/Advertising Liability | Primary Cyber - 03-960-78-12 | Undetermined |
| Allianz Global Risk US Ins Co. | Cyber & Media/Advertising Liability | 9th Excess - USF05397424 | Undetermined |
| Allianz Global Risks US Insurance Company | Hull, Liability, and War | A1AL000139324AM | Undetermined |
| ARCH Specialty Ins Co. | Cyber & Media/Advertising Liability | 1st Excess - NPL006642504 | Undetermined |
| Arch Specialty Insurance Co. | Cyber & Media/Advertising Liability | 4th Excess - NPL0067913-02 | Undetermined |
| Argonaut Insurance Company | Directors & Officers Liability | 6th Excess - MLX4289383-0 | Undetermined |
| Ascot Specialty Insurance Company | Directors & Officers Liability | 11th  Excess - MLXS2410000057-04 | Undetermined |
| Atlantic Specialty Insurance Company | Directors & Officers Liability | 4th Excess - MMX-05729-24 | Undetermined |
| AXA XL | Commercial Crime | Primary - ELU187133-22 | Undetermined |
| AXA XL - Indian Harbor Insurance Company | Cyber & Media/Advertising Liability | 8th Excess - MTE9034704 07 | Undetermined |
| AXA XL (XL Specialty Insurance Company) | Directors & Officers Liability | 1st Excess - ELU190026-24 | Undetermined |
| AXA XL (XL Specialty Insurance Company) | Directors & Officers Liability | 7th  Excess - ELU198864-24 | Undetermined |
| AXA XL (XL Specialty Insurance Company) | Directors & Officers Liability | 16th  Excess - ELU198865-24 | Undetermined |
| Axis Excess Insurance Policy | Cyber & Media/Advertising Liability | 7th Excess - P-001-000333279-05 | Undetermined |
| Axis Ins. Co. | Commercial Crime | Excess - P-001-000470585-03 | Undetermined |
| Beazley Group | Cyber & Media/Advertising Liability | 3rd Excess - W3211D240301 | Undetermined |
| Berkley | Compliance Bond | 74834 | Undetermined |
| Berkley | Compliance Bond | 74832 | Undetermined |

Debtor Name:  Spirit IP Cayman Ltd.                                                                    Case Number:  24-12040 (SHL)

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| Berkley | Lease | 71983 | Undetermined |
| Berkley Colombia Seguros | Compliance Bond | 64422 | Undetermined |
| Berkley Colombia Seguros | Extracontractual Civil Liability | 22853 | Undetermined |
| Berkley Colombia Seguros | Extracontractual Civil Liability | 18867/1 | Undetermined |
| Berkley Colombia Seguros | Lease | 78909 | Undetermined |
| Berkley Colombia Seguros | Lease | 74535 | Undetermined |
| Berkley Insurance Company | Directors & Officers Liability | 14th  Excess - BPRO8109270 | Undetermined |
| Berkshire Hathaway | Directors & Officers Liability | 8th  Excess - 47-EPC-311026-04 | Undetermined |
| Brit (Lloyds of London) | Directors & Officers Liability | 10th  Excess - B0713SPRWR2400010 | Undetermined |
| Charles F. Engel And Associates LLC. | Other | SA-24-205 | Undetermined |
| Charles F. Engel And Associates LLC. | Other | SA-24-150 | Undetermined |
| Chubb | Fiduciary Liability | DOX G71214424 002 | Undetermined |
| CNA ; Continental Casualty Company | Employment Practices Liability | 652528416 | Undetermined |
| Convex Insurance UK Limited | Directors & Officers Liability | 9th  Excess - DOC 3061705-01 | Undetermined |
| Convex Insurance UK Limited (QBE) | Directors & Officers Liability | 2nd Excess - XDO000069-0824 | Undetermined |
| Crum & Forster Specialty | Cyber & Media/Advertising Liability | 2nd Excess - CYB-107249 | Undetermined |
| Freedom Specialty Insurance | Directors & Officers Liability | 12th  Excess - XMF2409586 | Undetermined |
| Great American Insurance | Locally Admitted Policy | AVA-F-297 | Undetermined |
| Grupo Mexicano De Seguros | Extracontractual Civil Liability | 7006284 | Undetermined |
| Grupo Mexicano De Seguros | Extracontractual Civil Liability | 7001076 | Undetermined |
| Grupo Mexicano De Seguros | Extracontractual Civil Liability | 7001077 | Undetermined |
| Hartford | Employment Practices Liability | 10 GT 0290393-24 | Undetermined |
| Hartford | Employment Practices Liability | EP00H00302 0408 | Undetermined |
| Hartford | Fiduciary Liability | 10 IA 0322602-24 | Undetermined |

Debtor Name:  Spirit IP Cayman Ltd.                                    Case Number:  24-12040 (SHL)

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| Hartford | Fiduciary Liability | UX00H00300 0815 | Undetermined |
| Hartford (Primary) | Directors & Officers Liability | Primary - 10 DA 0279069-24 | Undetermined |
| HDI Global Insurance Company (Falcon) | Directors & Officers Liability | 3rd Excess - XS POL 80001 MU 05 23 | Undetermined |
| HDI Global Specialty | Hull, Liability, and War | ONE22HC0A1 | Undetermined |
| Hiscox / "A  XV"/Stable | Special Crime | UKA3023266.24 | Undetermined |
| Indemnity Insurance Company of North America (Chubb) | Commercial Auto Liability and Physical Damage | CALH10818254 | Undetermined |
| Indemnity Insurance Company of North America (Chubb) | Workers' Compensation | WLR C55519833 (AOS) | Undetermined |
| Instituto Nacional De Seguros | Extracontractual Civil Liability | 7133901000400 | Undetermined |
| Jmalucelli Travelers Seguros S.A. | Compliance Bond | 2038480 | Undetermined |
| Jmalucelli Travelers Seguros S.A. | Extracontractual Civil Liability | 79578 | Undetermined |
| Landmark American Insurance Co | Cyber & Media/Advertising Liability | 5th Excess - LHZ857262 | Undetermined |
| Liberty Surplus Insurance Corporation | Cyber & Media/Advertising Liability | 6th Excess - EO5CAC0SMC001 | Undetermined |
| Lloyd's of London | Cyber & Media/Advertising Liability | 2nd Excess - B0572MR246812 | Undetermined |
| Lloyd's of London and other Licensed Companies per One Global | Excess War Third Party Liability | ONEAV2466877 | Undetermined |
| Lloyd's of London and other Licensed Companies per One Global | Hull War, Hi-Jacking, and other Perils | ONEAV2266877 | Undetermined |
| Member Companies of La Reunion Aerienne | Hull, Liability, and War | P120068 | Undetermined |
| Nautilus Insurance Company (Berkley) | Storage Tank Advantage Pollution Liability | ENV CST 101 A CW 03 18 | Undetermined |
| Old Republic Insurance Company | Directors & Officers Liability | 15th  Excess - ORPRO 12 105380 | Undetermined |
| RLI Insurance Company | Fiduciary Liability | EPG0032741 | Undetermined |
| Seguros America | Compliance Bond | RC-001316-0 | Undetermined |
| Seguros America | Extracontractual Civil Liability | IN-010122-0 | Undetermined |
| Seguros Bolívar | Compliance Bond | 1000170829601 | Undetermined |
| Seguros Del Estado | Compliance Bond | 18-45-101133179 | Undetermined |
| Seguros Del Estado | Extracontractual Civil Liability | 18-40-101051636 | Undetermined |

Debtor Name:  Spirit IP Cayman Ltd.                                                                Case Number:  24-12040 (SHL)

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| Seguros Equinoccial | Other | B144431.C | Undetermined |
| Seguros Mundial | Compliance Bond | NB-100332193 | Undetermined |
| Selective Insurance Company of SE | Flood | FLD1726287 | Undetermined |
| Selective Insurance Company of SE | Flood | FLD1726436 | Undetermined |
| Sirius International Insurance Corporation | Hull, Liability, and War | IDAV205853 | Undetermined |
| Sompo (Endurance Assurance Corp) | Directors & Officers Liability | 5th Excess - DOX10004968909 | Undetermined |
| Southern Insurance Company | Directors & Officers Liability | 3rd Excess - ANV162490A | Undetermined |
| Starr Surplus Lines Insurance Company per Starr Aviation Agency, Inc. | Hull, Liability, and War | 1000189300-04 | Undetermined |
| Starstone Specialty Insurance Company | Directors & Officers Liability | 4th Excess - DNO00162037P-00 | Undetermined |
| Sweaden | Other | 14993 | Undetermined |
| The Hartford Premier Excess Policy | Directors & Officers Liability | 17th Excess - UX00H00300 0815 | Undetermined |
| Underwriters at Lloyd's of London and other Licensed Companies per OneGlobal Broking, Ltd. | Hull, Liability, and War | ONEAV2266876 | Undetermined |
| Westfield Insurance Company | Directors & Officers Liability | 6th Excess - XSD 00001 0222 | Undetermined |
| Zurich | Compliance Bond | SEPL-4326652-1 | Undetermined |
| Zurich | Compliance Bond | SDPL-158922460-1 | Undetermined |
| Zurich | Compliance Bond | SDPL-135266256-1 | Undetermined |
| Zurich | Extracontractual Civil Liability | LBCO-18234106-1 | Undetermined |
| Zurich | Other | SDPL-158919524-1 | Undetermined |
| | | **TOTAL** | $0.00 |
| | | | + Undetermined Amounts |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | Spirit IP Cayman Ltd. |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number (If known): | 24-12040 (SHL) |

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

### Part 1:   List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

|  | | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1** **Creditor's name**<br>WILMINGTON TRUST, NATIONAL ASSOCIATION | **Describe debtor's property that is subject to a lien**<br>See Schedule D Disclosures | $ 1,117,153,333.33 | $ Undetermined |
| **Creditor's mailing address**<br>1100 NORTH MARKET STREET<br>ATTENTION: JACQUELINE SOLONE<br>WILMINGTON, DE 19801 | **Describe the lien**<br>Co-Issuer of 8.00% Senior Secured Notes due 2025 | | |
| **Creditor's email address, if known** | **Is the creditor an insider or related party?**<br>☑ No<br>☐ Yes | | |
| **Date debt was incurred**    Undetermined | **Is anyone else liable on this claim?**<br>☐ No<br>☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H). | | |
| **Last 4 digits of account number** | | | |
| **Do multiple creditors have an interest in the same property?**<br>☐ No<br>☑ Yes. Specify each creditor, including this creditor, and its relative priority. | **As of the petition filing date, the claim is:**<br>Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| **2.2** **Creditor's name** | **Describe debtor's property that is subject to a lien** | $ | $ |
| **Creditor's mailing address** | **Describe the lien** | | |
| **Creditor's email address, if known** | **Is the creditor an insider or related party?**<br>☐ No<br>☐ Yes | | |
| **Date debt was incurred** | **Is anyone else liable on this claim?**<br>☐ No<br>☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H). | | |
| **Last 4 digits of account number** | | | |
| **Do multiple creditors have an interest in the same property?**<br>☐ No<br>☐ Yes. Have you already specified the relative priority?<br>   ☐ No. Specify each creditor, including this creditor, and its relative priority.<br><br>   ☐ Yes. The relative priority of creditors is specified on lines | **As of the petition filing date, the claim is:**<br>Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**          $ 1,117,153,333.33

| **Part 2:** | **List Others to Be Notified for a Debt Already Listed in Part 1** |

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | Spirit IP Cayman Ltd. |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number (If known) | 24-12040 (SHL) |

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

**1.** **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.
☐ Yes. Go to line 2.

**2.** **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | | Total claim | Priority amount |
|---|---|---|---|

**2.1** | Priority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**
**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

Total claim $ ___
Priority amount $ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

**2.2** | Priority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**
**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

Total claim $ ___
Priority amount $ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

**2.3** | Priority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**
**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

Total claim $ ___
Priority amount $ ___

**Is the claim subject to offset?**
☐ No
☐ Yes

Debtor _____    Case number (if known) _____
         Spirit Freight Name, LLC
         Name

---

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---------|------------------------------------------------------|

**3.** **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | **Amount of claim** |
|--|--|---------------------|

**3.1** **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

$ _____

---

**3.2** **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

$ _____

---

**3.3** **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

$ _____

---

**3.4** **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

$ _____

---

**3.5** **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

$ _____

---

**3.6** **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

$ _____

---

| Debtor | 24-12040-shl　Doc 5　Filed 01/21/25　Entered 01/21/25 19:55:35　Main Document | |
|---|---|---|
| | Spirit IP Cayman Ltd. | Case number (if known): 24-12040 (SHL) |
| | Name | |

Pg 39 of 43

**Part 3:**　List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | | Line<br>☐ Not listed.　Explain | |
| 4.2 | | Line<br>☐ Not listed.　Explain | |
| 4.3 | | Line<br>☐ Not listed.　Explain | |
| 4.4 | | Line<br>☐ Not listed.　Explain | |
| 4.5 | | Line<br>☐ Not listed.　Explain | |
| 4.6 | | Line<br>☐ Not listed.　Explain | |
| 4.7 | | Line<br>☐ Not listed.　Explain | |
| 4.8 | | Line<br>☐ Not listed.　Explain | |
| 4.9 | | Line<br>☐ Not listed.　Explain | |

| Debtor | Spirit IP Cayman Ltd. | Case number (if known) | 24-12040 (SHL) |
|---|---|---|---|
| | Name | | |

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|---|---|

**5.**     **Add the amounts of priority and nonpriority unsecured claims.**

|  |  |  | Total of claim amounts |
|---|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | $ _____ 0.00 |
| 5b. | **Total claims from Part 2** | 5b. ✚ | $ _____ 0.00 |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ _____ 0.00 |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | Spirit IP Cayman Ltd. |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number (If known): | 24-12040 (SHL) |

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name __Spirit IP Cayman Ltd.__

United States Bankruptcy Court for the: __Southern District of New York__

Case number (If known): __24-12040 (SHL)__

☐ Check if this is an amended filing

## Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible.   If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the additional Page to this page.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | Name | Mailing address | Name | Check all schedules that apply: |
| 2.1 | Spirit Airlines, Inc. | | WILMINGTON TRUST, NATIONAL ASSOCIATION | ☑ D<br>☐ E/F<br>☐ G |
| 2.2 | Spirit Finance Cayman 1 Ltd. | | WILMINGTON TRUST, NATIONAL ASSOCIATION | ☑ D<br>☐ E/F<br>☐ G |
| 2.3 | Spirit Finance Cayman 2 Ltd. | | WILMINGTON TRUST, NATIONAL ASSOCIATION | ☑ D<br>☐ E/F<br>☐ G |
| 2.4 | Spirit Loyalty Cayman Ltd. | | WILMINGTON TRUST, NATIONAL ASSOCIATION | ☑ D<br>☐ E/F<br>☐ G |
| 2.5 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.6 | | | | ☐ D<br>☐ E/F<br>☐ G |

**Fill in this information to identify the case and this filing:**

Debtor name   Spirit IP Cayman Ltd.

United States Bankruptcy Court for the:   Southern District of New York

Case number (If known)   24-12040 (SHL)

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended Schedule _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/02/2025                     X   /s/ Fred Cromer
       MM / DD / YYYY                      Signature of individual signing on behalf of debtor

 

                                   Fred Cromer
                                   Printed name

                                   Chief Financial Officer
                                   Position or relationship to debtor